H. Gregory Shea v. Commissioner. Evelyn W. Shea v. Commissioner.
Shea v. Commissioner
Docket Nos. 5504-63, 5707-63.
United States Tax Court
T.C. Memo 1965-218; 1965 Tax Ct. Memo LEXIS 114; 24 T.C.M. (CCH) 1118; T.C.M. (RIA) 65218; August 11, 1965
H. Gregory Shea, pro se, P.O. Box 4444, New York, N. Y. Martin Drazen, for the petitioner in Docket No. 5707-63. Lionel Savadove, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined deficiencies in petitioners' income taxes as follows: Additions to Tax
Doc. No.
Petitioner
Year
Deficiency
Sec. 6651
Sec. 6653(a)
5504-63
H. Gregory Shea
1959
$1,770.36
1960
1,841.23
5707-63
Evelyn W. Shea
1959
$ 688.64
$172.16
$34.43
1960
1,050.21
52.51
*115 Most of the issues raised by the pleadings have either been agreed to or have been conceded by one of the parties involved herein. The issues remaining for decision are (1) whether payments made pursuant to a written separation agreement are includable in income of the wife and thereby deductible by the husband and (2) whether the wife can compute her tax by use of the optional standard deduction. Findings of Fact Some of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner H. Gregory Shea (hereinafter referred to as Shea) is an individual who resides at 301 East 48th Street, New York, New York. His Federal income tax returns for the calendar years 1959 and 1960 were filed with the district director of internal revenue at 484 Lexington Avenue, New York, New York. Shea itemized his deductions in 1959 and 1960. Petitioner Evelyn W. Shea (hereinafter referred to as Evelyn) is an individual who resides at 294 Bronxville Road, Bronxville, New York. She filed no Federal income tax return for the calendar year 1959 but filed a return for the calendar year 1960 with the district *116 director of internal revenue at 484 Lexington Avenue, New York, New York. Petitioners were married in New York, New York, on June 19, 1931, and were legally married to each other during the years 1959 and 1960, but were living separate and apart. One child, H. Gregory Shea, Jr., was born of said marriage on March 31, 1944. On July 19, 1954, petitioners entered into a separation agreement in writing, the pertinent parts of which are as follows: THIS AGREEMENT, made between EVELYN EDWINA SHEA, residing at 133 Pondfield Road, in the Village of Bronxville, Westchester County, State of New York, hereinafter referred to as the "wife" and H. GREGORY SHEA, residing at 28 Normandy Terrace, Bronxville, c/o Dr. Herbert T. Wagner, hereinafter referred to as the "husband". WITNESSETH: WHEREAS, the parties hereto were married on the 19th day of June, 1931, and there is one child of said marriage, H. GREGORY SHEA, JR., born March 31st, 1944, hereinafter referred to as the "child", and WHEREAS, the parties have heretofore separated and have been and are now living separate and apart and since their separation have agreed to live separate and apart from each other. NOW, THEREFORE, in *117 consideration of the premises and the mutual promises and undertakings herein contained, and for other good and valuable consideration, the parties agree: (1) From the date hereof the parties shall continue to live separate and apart from each other and neither party shall interfere, molest, annoy or attempt to exercise any authority or control over the other. (2) The parties shall not molest or interfere with each other, nor shall either of them compel or attempt to compel the other to cohabit or dwell with him or her, by any means whatsover. (3) Neither party will influence the child of the marriage, H. Gregory Shea, Jr., in any manner or form whatsoever against the other. (4) The parties do hereby make the following division and settlement of their property: (a) All the personal property of the parties now located in the apartment located at 133 Pondfield Road, Bronxville, New York, is divided as is fully set forth in Schedule "A" annexed hereto except that the personal belongings of the parties hereto shall continue to belong to each. (5) The "wife" shall have the right and privilege of occupying the apartment at 133 Pondfield Road, Bronxville, New York until September *118 1st, 1954 at which time the "wife" shall vacate the same. During the period the wife occupies the said apartment she shall pay to the husband One Hundred ($100.00) Dollars per month for rent thereof and the husband will pay the monthly carrying charges for said period, and upon vacating the rent will be apportioned for such time. (b) Except as herein provided to the contrary, each party shall own, have and enjoy independently of any claim or right of the other party, all personal and real property belonging to him or her, and now in his or her possession, or which may hereafter belong to him or her, with full power of disposition during life-time or after death as though he or she were unmarried. (6) The "wife" shall have custody of the child and control and supervision of his upbringing, subject to the following: (a) The husband shall have the right to visit the child at any time on reasonable notice, and the wife shall afford the husband the opportunity to do so. Should it be found inconvenient by the wife, for any reason, to have the husband visit the child, the wife shall have the right and option to send the child to the husband in lieu of such visit. (b) In addition, *119 the husband may at his option have the custody of the child for (1) alternate weekends (consisting of Saturday and Sunday), and also (2) during either the Christmas or Easter School vacation, and also (3) during one month of the summer school vacation. (c) Whenever the husband shall exercise any of his rights under this paragraph, he shall give reasonable notice to his wife. (7) The wife shall support and maintain herself, and shall in all respects care for, educate, maintain and support the child properly and in such manner as to afford the child the best of care, education, maintenance, and support consistent with the payments made by the husband in accordance with the terms of this agreement. In consideration thereof, the husband shall make the following payments to the wife: (a) The sum of Seventy-five ($75.00) Dollars a week for her support and maintenance and an additional sum of twenty-five ($25.00) Dollars per week for the support and maintenance of the child of the marriage, until the child attains the age of twenty-one (21) years or is previously employed. In the event the child is attending college or boarding school or for any other reason and as a result is away *120 from the home of the wife during such period of time, then in such event during such absences the husband shall not pay the said sum of Twenty-five ($25.00) Dollars per week but the husband shall pay the sum of Twelve Dollars and fifty cents (12.50). (b) The husband shall pay such expenses as seems to him warranted to permit the child to attend college or boarding school. (8) The institution by either party of legal proceedings for an absolute divorce in any jurisdiction upon any lawful ground in such jurisdiction shall not impair the validity of or in any manner affect the covenants and agreements herein contained, and the provisions of this agreement shall be incorporated in any such decree of divorce and shall survive the entry of any such decree of divorce. (9) The husband so long as the relationship of husband and wife exists shall do nothing either by will or otherwise to divest the wife of her one-third interest in and to his estate and shall also make a proper provision by will or otherwise in respect to the child. (a) The wife shall not incur any debts or in any way pledge the credit of the husband * * *
(13) No modification or waiver of any of the terms of *121 this agreement shall be valid unless in writing and executed with the same formality of this agreement. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature. * * *
(16) The parties have incorporated in this agreement their entire understanding. No oral statement or prior written matter extrinsic to his agreement shall have any force or effect. The parties are not relying upon any representations other than those expressly set forth herein. (17) The parties hereto declare that each has had independent legal advice by counsel of his or her own selection; that each fully understand the facts and has been fully informed of all legal rights and liabilities; that after such advice, and knowledge, each believes the agreement to be fair and reasonable; and that each signs the agreement freely and voluntarily. On August 19, 1954, Shea executed an amendment to said separation agreement in writing, said amendment providing as follows 13 Lake Avenue, in the Village of Bronxville, Westchester County, State of New York, hereinafter referred to as the "wife" and H. GREGORY SHEA, residing at 133 Pondfield *122 Road, Bronxville, hereinafter referred to as the "husband." WITNESSETH: WHEREAS, the parties hereto entered into an agreement of separation on or about July 19, 1954. NOW, THEREFORE, in consideration of the premises and the mutual promises and undertakings contained in the said agreement, and for other good and valuable consideration, the parties agree to amend said agreements as follows: (1) In Paragraph 7(a) of said agreement the sum of Seventy-five ($75.00) Dollars a week is hereby changed to One Hundred Sixty-three ($163.00) Dollars semi-monthly; the sum of Twenty-five ($25.00) Dollars per week is hereby changed to Fifty-five ( $55.) Dollars semi-monthly; the sum of twelve dollars and fifty cents ($12.50) per week is hereby changed to Twenty-eight ( $28) Dollars semi-monthly. IN WITNESS WHEREOF, the parties have hereunto set their respective hands and seals this 19th day of August 1954. EVELYN EDWINA SHEA L.S. H. GREGORY SHEA L.S. The amendment to the separation agreement was acknowledged by Shea on August 19, 1954, and by Evelyn on September 30, 1954. Prior to making the said separation agreement and subsequent amendment thereto, and through the years 1959 and *123 1960, no decree of separation or divorce was obtained from any court of competent jurisdiction by either petitioner from the other. Evelyn received from Shea as payments for her support and maintenance the sum of $3,912 in each of the calendar years 1959 and 1960. Respondent determined as to Shea that the $3,912 was not deductible and as to Evelyn that the same amount was income to her. Opinion Shea maintains that the separation agreement as originally executed prior to August 16, 1954, was altered and amended in a material respect subsequent to that date, thereby rendering all payments subsequent to the amendment deductible by him. Evelyn maintains that the agreement, although altered, was not altered in a material respect; therefore, she argues, the payments made to her are not includable in her income. Respondent did not take any position at the trial but on brief agrees with Evelyn. The parties agree on the controlling statute and regulations. Section 71(a)(2) of the Internal Revenue Code of 1954, provides as follows: (a) General Rule. - (2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation *124 agreement executed after the date of the enactment of this title [August 16, 1954], the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. Section 1.71-1(b)(2)(ii) of the Income Tax Regs. provides: (2) Written separation agreement. (ii) For purposes of section 71(a)(2), any written separation agreement executed on or before August 16, 1954, which is altered or modified in writing by the parties in any material respect after that date will be treated as an agreement executed after August 16, 1954, with respect to payments made after the date of alteration or modification. After reading the written separation agreement as originally executed, together with the amendment, we are of the opinion that the changes made were not "in any material respect." All the amendment accomplished *125 was to change a weekly payment to a semimonthly payment. In so doing and to keep the amount in even dollars, Evelyn was to receive $1.00 a month more than she would have received under the original agreement. We need not decide here what change we would consider to be in a material respect. Suffice for us to say here that the changes contained in the amendment did not alter the original agreement in any material respect. Accordingly, we hold that the payments made by Shea to Evelyn, being made under a written separation agreement executed prior to August 16, 1954, are not includable in the latter's income and are not deductible by Shea. Cf. Harry L. Clark, 40 T.C. 57, 59 (1963). For the year 1960 Evelyn computed her tax by using the table which automatically applies the optional standard deduction. Respondent determined that she could not use the table because her husband filed a return for 1960 in which he itemized his deductions. We agree with respondent. Section 142 of the Internal Revenue Code of 1954 provides that a husband and wife cannot use the standard deduction where either spouse computes his tax without the benefit of the standard *126 deduction. Section 143 of the 1954 Code states that a husband and wife will not be considered married if they are legally separated under a decree of divorce or of separate maintenance. Since petitioners were not legally separated under any decree, they are considered husband and wife and, accordingly, Evelyn cannot compute her tax in 1960 by use of the standard deduction. To reflect concessions of the parties, Decisions in both dockets will be entered under Rule 50.